JOSEPH SMITH, Respondent, *v.* THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Appellant.

In an action to recover damages for injuries alleged to have been caused by defendant's negligence, it appeared that plaintiff, one of defendant's employes, while in the discharge of his duty, was seriously injured by the collision of an engine, on which he was riding, with an unattended freight car, which was one of three, placed upon a side-track to be loaded ; they were left by defendant's employes coupled together, with the brakes on the car in question and one other set.   The parties loading them, for their own convenience, moved the two other cars, leaving this car where it was originally placed.   During the night of the accident the car was moved onto the main track, as the evidence tended to show, by the wind which had blown hard during the night.   The only ground upon which the claim of negligence was based was that the brake on the car was defective in this, that the brake-shoes on it had worn thin.   Plaintiff gave no evidence tending to show that the brake could not be applied or that when applied, it was not effective.   One of defendant's brakemen testified he applied the brake and it worked well, and two other witnesses testified they saw said brakeman apply the brake..   *Held*, that the court erred in submitting the question of defendant's negligence to the jury ; that defendant's duty to its employe was not measured by the thickness of the brake-shoe, but it was simply bound to furnish brake-shoes effectual for the purpose for which they were used, and it was incumbent upon plaintiff to prove facts permitting the inference that this brake was not effectual.

(Argued February 24, 1890 ; decided March 11, 1890.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department entered upon an order made the first Tuesday of June, 1887, which affirmed a judgment in favor of plaintiff entered upon a verdict and affirmed an order denying a motion for a new trial.

· This was an action to recover damages for injuries received by plaintiff through the collision of one of defendant's locomotives, upon which he was working, with a freight car.

The facts are sufficiently stated in the opinion.

*Edward Harris* for appellant.     The plaintiff failed to make out a cause of action and the refusal to non-suit was error. (*DeGraff* v. *N. Y. C. & H. R. R. R. Co.*, 76 N. Y. 125; *Webster* v. *R., W. & O. R. R. Co.*, 115 id. 112; *Harvey* v. *N. Y. C. & H. R. R. R. Co.*, 88 id. 481; *Byrnes* v. *N. Y., L. E. & W. R. R. Co.*, 113 id. 251; *Pease* v. *C. & N. Y. R. R. Co.*, 61 Wis. 163; *Searles* v. *M. R. Co.*, 101 N. Y. 661; *Taylor* v. *City of Yonkers*, 105 id. 202–208; *Whittaker* v. *D. & H. C. Co.*, 23 N. Y. S. R. 405.)

*James C. Smith* for respondent.     Defendants owed to its employes a duty to furnish suitable and safe machinery and appliances for their use. (*Laning* v. *N. Y. C. & H. R. R. R. Co.*, 49 N. Y. 521; *Kirkpatrick* v. *N. Y. C. & H. R. R. R. Co.*, 79 id. 240; *Fuller* v. *Jewett*, 80 id. 46; *Kain* v. *Smith*, Id. 458; *Bushby* v. *N. Y. L. E. & W. R. R. Co.*, 107 id. 374.) Even if negligence on the part of a fellow-servant of the plaintiff, or of an employe of the warehousemen had co-operated with that of the defendant to produce the injury, the defendant would not have been relieved thereby from liability for the consequences of its own neglect. (*Flike* v. *B. & A. R. R. Co.*, 53 N. Y. 549; *Booth* v. *B. & A. R. R. Co.*, 73 id. 38; *Cone* v. *Del., L. & W. R. R. Co.*, 81 id. 206; *Ellis* v. *N. Y., L. E. & W. R. R. Co.*, 95 id. 546, 553; *Stringham* v. *Stewart*, 100 id. 516.) A request to charge the jury should be in such form that the court may charge in the terms of the request without qualification. (*Carpenter* v. *Stilwell*, 11 N. Y. 61, 79.)

Parker, J. We are of the opinion that the evidence did not warrant the court in submitting to the jury whether plaintiff's injury resulted from the negligence of the defendant. The plaintiff, while in discharge of his duty as an employe of defendant, was, without fault on his part, seriously injured by

the collision of the locomotive, upon which he was riding, with an unattended freight car. The accident took place on defendant's road, about a mile east of East Palmyra, on the 19th day of February, 1884. It appears that the defendant placed three freight cars on a side-track at Newark for loading at the warehouse of Perkins & Co. They were coupled together, and the brakes on the westerly and middle cars set. Perkins & Co., for their convenience in loading, moved the middle and easterly cars further east, leaving the westerly car standing where it was originally placed. Sometime during the night of the accident this car was moved off the side-track onto the main track, and thence to the point of collision. No one saw the car moved or could account for it, except on the theory that the car had been driven out upon and along the main track by an easterly wind, which the evidence demonstrated had blown with great velocity during the night. It is not questioned but that the station agent and other employes of defendant at Newark were competent and skillful. The trial court rightly held that the defendant had given to the station agent at Newark proper instructions as to the method of securing the cars while upon the side-track.

But one ground, therefore, remained to the plaintiff upon which to predicate defendant's negligence. Was the movement of the car made possible because of defendant's omission to supply it with a suitable brake? The plaintiff attempted to show that the brake was defective and, therefore, not effectual for the purpose of preventing the car from being moved by a strong wind. His proof in that direction consisted of the testimony of several witnesses to the effect that the brake-shoes had worn thin and were only half an inch thick; whereas new shoes are two inches thick. The examination made by them was after the car had been taken to East Rochester for repairs, and, as two of the defendant's witnesses testified without contradiction, after the truck and brake-shoes had been changed. A change necessitated by the breaking of the truck in the collision. But assuming that the brake-shoes described by plaintiff's witnesses were on the car in question at the time

of the accident, the fact that they were only half an inch thick does not alone permit the finding in question. Whether they were worn or unworn is unimportant, if they still grasped the wheels effectively. The defendant was not bound to furnish new brake-shoes or those which had only been worn away a half an inch or an inch, but brake-shoes effectual for the purpose for which they were used. Its duty to an employe is not measured by the thickness of a brake-shoe, but by its adequacy for the use to which it is put.

It was, therefore, incumbent upon the plaintiff to prove facts permitting the inference that this brake could not be applied, or that when applied it was not as effective as it should have been or would have been with thicker brake-shoes. This he failed to do. Indeed, the only evidence upon the subject consists of the testimony of the brakeman who applied the brake for the purpose of stopping the cars when they were run upon the side-track, and that of two other employees of the defendant. The brakeman testified that it was a good brake and worked all right; and the others, that they saw him apply it.

We are thus forced to the conclusion that the burden resting upon the plaintiff of establishing that his injury resulted from the failure of the defendant to perform some duty owing to him has not been borne.

The judgment should be reversed.

All concur, except BRADLEY and HAIGHT, JJ., not sitting.

Judgment reversed.